IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00012-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TOMMY WAYNE BRISTOL,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF DEP.,
STATE OF COLORADO,
DEPUTY C. MOTT, and
DEPUTY N.  NUNCIO,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Tommy Wayne Bristol, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  He submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  As relief he fails to ask for money damages or declaratory or injunctive relief, but rather asks for the appointment of counsel to represent him.  The request for the appointment of counsel will be denied as premature.

Mr. Bristol has been granted leave to proceed pursuant to 28 U.S.C. § 1915. The Court must construe Mr. Bristol's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Bristol

will be directed to file an amended Prisoner Complaint.

As his first claim, Mr. Bristol complains that the El Paso County Sheriff's Department denied him the ability to communicate in writing by denying him envelopes, paper, and a pen since March 23, 2013. As his second claim, he generally alleges that the State of Colorado has failed to protect state inmates. In claim three, Mr. Bristol alleges that Deputy C. Mott threatened him twice and on December 17, 2013, and subjected him to excessive force when Deputy Mott assaulted him in his cell, causing injuries to his face, neck, and jaw. Mr. Bristol also complains that Deputy Mott commenced disciplinary charges against Mr. Bristol, apparently for assaulting an officer, and eavesdropped on a conversation he had with his doctor. As his fourth claim, Mr. Bristol contends Deputy M. Nuncio, a hearing officer, convicted him on the disciplinary charges and sanctioned him by sixty days of administrative segregation.

In his fourth claim, Mr. Bristol appears to be suing Deputy Nuncio both because Plaintiff believes the evidence was insufficient to convict him on disciplinary charges and because he disagrees with the sanction imposed against him, i.e., sixty days in administrative segregation. The record currently is devoid of facts to support the claim of a due process violation. Adequate due process in a disciplinary proceeding that implicates a protected liberty interest requires advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. See *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). There also must be some evidence to support the decision. See *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). A prisoner has a due process right to have

the hearing conducted by an impartial hearing officer. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

Plaintiff has a constitutionally protected liberty interest if by the sanction imposed he was subjected to atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The determination of whether a liberty interest exists "is a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement." *Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (addressing conditions of confinement at a federal maximum security prison).

Mr. Bristol may not sue the El Paso County Sheriff's Department. The El Paso County Sheriff's Department is not a separate entity from El Paso County, and, therefore, is not a persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the sheriff's department must be considered as asserted against El Paso County.

In addition, municipalities, such as El Paso County, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Bristol also may not sue the State of Colorado for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The amended Prisoner Complaint Mr. Bristol will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Bristol must present his claim or claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and be able to respond to those claims. Mr. Bristol must allege, simply and concisely, his specific claims for relief, including the specific constitutional rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not necessary. Nor should the Court or defendants be required to sift through Mr. Bristol's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended Prisoner Complaint he will be directed to file, Mr. Bristol must assert personal participation by each named defendant. *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Bristol must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Bristol may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated her rights. However, if Mr. Bristol uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Bristol will be given an opportunity to cure the deficiencies in his Prisoner Complaint by submitting an amended Prisoner Complaint that sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, asserts the constitutional rights that allegedly have been violated, makes a request for relief, and alleges specific facts that demonstrate how each named defendant personally participated in the

asserted constitutional violations.  Mr. Bristol is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Bristol seeks to refile because the two-year statute of limitations may have expired on his § 1983 claims.

Accordingly, it is

ORDERED that the request of Plaintiff, Tommy Wayne Bristol, in the Prisoner Complaint for the appointment of counsel to represent him is denied as premature.  It is

FURTHER ORDERED that Mr. Bristol, **within thirty (30) days from the date of this order**, file an amended Prisoner Complaint that complies with this order.  It is

FURTHER ORDERED that the amended Prisoner Complaint shall be titled "Amended Prisoner Complaint," and filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Bristol shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Bristol fails to file an amended Prisoner complaint that complies with this order within the time allowed, some claims against some defendants, or the entire complaint and action, may be dismissed without further notice.

DATED February 10, 2014, at Denver, Colorado.

               BY THE COURT:

               s/ Boyd N. Boland
               United States Magistrate Judge