IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00012-BNB

TOMMY WAYNE BRISTOL,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF DEP.,
STATE OF COLORADO,
DEPUTY C. MOTT, and
DEPUTY N. NUNCIO,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

    Plaintiff, Tommy Wayne Bristol, is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. He submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. As relief, he seeks for the appointment of counsel to represent him, but he does not request damages or declaratory or injunctive relief. The request for the appointment of counsel has been denied as premature.

    On February 10, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Mr. Bristol to file within thirty days an amended Prisoner Complaint that sued the proper parties; complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a request for relief; asserted the constitutional rights allegedly violated; and alleged the personal participation of each named Defendant. Magistrate Judge Boland warned Mr. Bristol that, even if the Court dismissed the instant

action without prejudice for failure to comply with the February 10 order, the dismissal may bar recovery because the two-year statute of limitations may have expired on his § 1983 claims.  Lastly, Magistrate Judge Boland warned Mr. Bristol that some claims against some Defendants, or the entire complaint and action, may be dismissed without further notice if he failed to file an amended Prisoner Complaint that complied with the February 10 order within the time allowed.  Mr. Bristol failed within the time allowed to file an amended Prisoner Complaint as directed, despite being mailed the forms he requested for use in filing an amended Prisoner Complaint.  See ECF Nos. 13, 14, and 15.

Mr. Bristol has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Bristol is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g).  Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Bristol's Prisoner Complaint liberally because he is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Bristol's first claim complains that the El Paso County Sheriff's Department denied him the ability to communicate in writing by denying him envelopes, paper, and a pen since March 23, 2013. The second claim generally alleges that the State of Colorado has failed to protect state inmates. In claim three, Mr. Bristol alleges that Deputy C. Mott threatened him twice and on December 17, 2013, and subjected him to excessive force when he assaulted him in his cell, causing injuries to his face, neck, and jaw. Mr. Bristol also makes general allegations of a pattern of harassment by Deputy Mott. As his fourth claim, he contends Deputy M. Nuncio, a hearing officer, convicted him on the disciplinary charges and sanctioned him by sixty days of administrative segregation.

In the order for an amended Prisoner Complaint, Magistrate Judge Boland informed Mr. Bristol he may be unable to sue two of the parties he names as defendants. Mr. Bristol may not sue the El Paso County Sheriff's Department. The El Paso County Sheriff's Department is not a separate entity from El Paso County and, therefore, is not a persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the sheriff's department must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities, such as El Paso County, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. However, Mr. Bristol alleges that the detention center has denied him envelopes, paper, and a pen since March 23, 2013. Because Mr. Bristol makes allegations that are not limited to an isolated incident, the first claim will not be dismissed and will be drawn to a presiding judge. Plaintiff may move to substitute El Paso County as the proper party pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure. Mr. Bristol's third claim against Deputy C. Mott and fourth claim against Deputy M. Nuncio also will be drawn to a presiding judge.

The second claim will be dismissed. In his second claim, Mr. Bristol generally alleges that the State of Colorado has failed to protect state inmates. Mr. Bristol may not sue the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their

agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). The State of Colorado will be dismissed as a party to this lawsuit.

Accordingly, it is

ORDERED that claim two asserted against the State of Colorado is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court remove the State of Colorado as a party to this lawsuit. It is

FURTHER ORDERED that remaining claims one, three, and four and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge. It is

FURTHER ORDERED that the only remaining Defendants are El Paso County Sheriff's Department, Deputy C. Mott, and Deputy N. Nuncio.

DATED at Denver, Colorado, this  1st  day of    May        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court