IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00012-RM-KLM

TOMMY WAYNE BRISTOL,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF DEPT.,
C. MOTT, Deputy, and
N. NUNCIO, Deputy,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Letter** [#20] and on Defendants' **Motion to Dismiss** [#28]. Although filed as a Letter, this document is actually Plaintiff's first Amended Complaint. Plaintiff appears to attempt to correct some of the issues that were the subject of previous Court Orders [#8, #16]. He is also permitted to amend his Complaint once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(A). The Letter was filed within 21 days of the Certificate of Service [#19] entered by the Clerk of Court. Accordingly,

    IT IS HEREBY **ORDERED** that pages 2-53 of the Letter [#20] are accepted for filing as Plaintiff's Amended Complaint.

    IT IS FURTHER **ORDERED** that those Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

    IT IS FURTHER **ORDERED** that, if appropriate, the Clerk shall attempt to obtain a waiver of service from any newly-named Defendants. If unable to do so, the United States Marshal shall serve the newly-named Defendants. All costs of service shall be advanced by the United States.

    IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#28] is **DENIED as moot**. *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at

\*1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at \*1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: November 24, 2014