IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00012-RM-KLM

TOMMY WAYNE BRISTOL,

Plaintiff,

v.

EL PASO COUNTY SHERIFF DEPT.,
C. MOTT, Deputy, and
N. NUNCIO, Deputy,
DORSEY, Deputy,
HOLLOWAY, Deputy,
HARE, Deputy,
ELMANTE, Deputy,
JEFFERSON, Deputy,
SORY, Deputy,
GOODLOW, Deputy,
SIRDIS, Deputy,
JOHNSON, Specialist,
SEETER, Deputy, and
HABERT, Sergeant, in his individual capacity,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court sua sponte. For the reasons provided below, the undersigned respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

Plaintiff initiated this case on January 2, 2014. *Compl.* [#1].[1] On January 15, 2015, Defendants filed a Motion to Dismiss [#60]. Plaintiff, who proceeds in this matter as a pro se litigant,[2] did not timely respond to the Motion to Dismiss and failed to request an extension of time in which to do so. On March 23, 2015, Plaintiff was directed to file a Response to the Motion to Dismiss no later than April 13, 2015. *Minute Order* [#62]. He was warned that failure to comply could result in his case being dismissed for failure to prosecute. *Id.* Plaintiff did not respond. On April 29, 2015, the Court provided Plaintiff with one last opportunity to participate in his lawsuit by issuing an Order to Show Cause [#63] in which he was directed to respond to the Order to Show Case or file a Response to the Motion to Dismiss, or his case would be dismissed for failure to prosecute. There is no indication that Plaintiff did not receive the Motion to Dismiss [#60], the Minute Order [#62], and the Order to Show Cause [#63]. Despite the Court's clear warnings about the consequences for failure to respond, Plaintiff did not respond by the deadline and, in fact, has not contacted the Court since July 18, 2014. *Letter* [#33]. Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case. Because Plaintiff is proceeding pro se, the Court has given Plaintiff multiple opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

---

[1] "[#1]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] Plaintiff proceeds in this matter pro se. The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

**II. Findings**

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to comply with at least two Court Orders [#62, #63]. Moreover, Plaintiff's failure to participate in this lawsuit for more than ten months despite being provided with multiple opportunities in which to do so is viewed as a failure to prosecute his case.

**III. Analysis**

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[3] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4)

[3] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

**A. Prejudice to Defendants**

From a review of the case file, I find that Plaintiff's neglect of his case has prejudiced Defendants. They defended the lawsuit in good faith and prepared Court documents. Moreover, Plaintiff's failure to participate has prejudiced Defendants' ability to defend against the allegations made by Plaintiff in his Complaint. Allowing the case to proceed when Plaintiff remains unresponsive would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on his own. This factor weighs in favor of dismissal.

**B. Interference with the Judicial Process**

I conclude that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*,

351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

**C. Culpability of Plaintiff**

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with ample opportunities to litigate his case, but since July 2014, he has chosen not to participate. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). It is solely the responsibility of Plaintiff to ensure that the Court knows of his whereabouts and to respond to Court Orders. Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

**D. Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court on at least two occasions that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders [#62, #63].

Pro se litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, the responsibility to do so falls on his shoulders. Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result. *See, e.g.*, *Lynn*, 2006 WL 2850273, at *7.

**E. Efficacy of a Lesser Sanction**

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for many months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## IV. Conclusion

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#63] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 27, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge